# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**GERARD TANK & STEEL, INC.,**

    **Plaintiffs,**

    **v.**

**AIRGAS USA, LLC,**

    **Defendant.**

Case No. 17-2259-JAR

## MEMORANDUM AND ORDER

Plaintiff filed this action seeking two declarations regarding an agreement it entered into with Defendant: 1) it is void for lack of mutuality of obligation because the Price Changes provision gave Defendant the unilateral right to escape performance under the Agreement at any time (Count I); and 2) it is terminable at will because Plaintiff never saw or knew about paragraph 2, which stated that the term of the Agreement shall be for seven years and shall be renewable for successive seven-year terms unless terminated upon not less than twelve months' written notice (Count II). Before the Court is Defendant's Motion to Dismiss (Doc. 8). The motion is fully briefed and the Court is prepared to rule. For the reasons stated below, the Court grants dismissal of Count I, but denies the motion as to Count II.

### I. Factual Background

The following facts are alleged in the First Amended Complaint ("FAC") and assumed to be true for purposes of deciding this motion.

The parties entered into a Product Sales Agreement on September 19, 2003, where Plaintiff agreed to purchase its requirements of certain gases from Defendant. The Agreement signed and agreed to by Plaintiff consisted of: 1) a Bulk Gases Rider ("Rider") specifying the

estimated monthly volume of oxygen to be purchased by Plaintiff, and 2) a page that contained enumerated paragraphs 11–21 and the signature blocks ("Page Two").  According to Plaintiff, the Agreement did not contain a termination provision, making it terminable at will by either party.

On December 8, 2016, in-house counsel for Defendant wrote a letter to Matheson Tri-Gas, Inc. ("Matheson"), another wholesale gas supplier, alleging that Plaintiff had been making certain purchases from Matheson that were in violation of the Agreement.[1]  In that letter, Defendant claimed the Agreement had automatically renewed for a seven-year term on September 19, 2010, and, because notice of termination had not been provided, would renew automatically for another seven-year term on September 19, 2017, and remain in effect at least through September 18, 2024.[2]  Defendant took this position by asserting that there was another page to the Agreement, which contained the first enumerated ten paragraphs ("Page One"). Paragraph 2 of Page One states:

> Term: The initial term of this Agreement shall be for seven (7) years and shall commence upon the later of the date of first delivery of Product by Seller hereunder; or the date signed by Seller hereinbelow; or, in the event Buyer is contractually bound and prohibited from entering into this Agreement by any prior agreement, then upon the earliest expiration or earlier termination of such prior agreement, and thereafter shall automatically renew for successive seven (7) year terms unless terminated upon not less than twelve (12) months' written notice by either party: (a) at the end of the initial term, or; (b) any renewal term, as the case may be.  If Seller relocates or provides additional Equipment to meet Buyer's gas requirements, then a new initial term shall be effective upon the date of first delivery of such Product utilizing the relocated, replacement or additional equipment.[3]

---

[1] Doc. 5, ¶ 11 at 3.

[2] *Id*. ¶ 12.

[3] *Id*. ¶ 14.

Plaintiff alleges that it has never seen or had any knowledge of Page One or the provisions therein.

Despite Plaintiff's attempt to terminate the Agreement on mutually agreeable terms, Defendant refuses to consent to termination of the Agreement.[4]  The parties disagree as to whether the terms and conditions on Page One is a part of the Agreement.

## II.     Legal Standards

Defendant moves to dismiss Counts I and II of the FAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]  "Under this standard, 'the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.'"[7]  Although the Court assumes the complaint's factual allegations are true, it need not accept mere legal conclusions as true.[8]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief.[9]

## III.    Analysis

Because this is a diversity case, the Court "appl[ies] the substantive law of the forum

---

[4] *Id*. ¶ 15.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Id.* (citing *Twombly*, 550 U.S. at 556).

[7] *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

[8] *Id.* at 1263.

[9] *Iqbal*, 556 U.S. at 678.

3

state, including its choice of law rules."[10] Here, Kansas is the forum state. Both parties' briefs rely on Kansas law. Because the parties have made the deliberate choice to rely on Kansas law, the Court applies Kansas law throughout this Memorandum and Order.

### A. Count I – Declaration that the Agreement is void for lack of mutuality of obligation

In Count I, Plaintiff seeks a declaration that the Agreement is void for lack of mutuality of obligation because the Price Changes provision gave Defendant the unilateral right to escape performance at any time by raising prices at a level it knows Plaintiff will not accept. As a result, Plaintiff argues there is no fixed price that binds Defendant to the requirements and obligations of the Agreement, rendering the Agreement void for lack of mutuality of obligation. Defendant argues that the Price Changes provision does not void the Agreement because it allows the parties to account for changes in market prices. Defendant contends that similar provisions have been upheld as valid in other contexts. Defendant also argues that a unilateral termination provision does not void an otherwise valid contract. Finally, Defendant argues the duty of good faith and fair dealing eliminates any risk of unfairness arising from this provision.

"The interpretation of a gas purchase contract is subject to the same rules governing all contracts."[11] If the language of the contract is clear, unambiguous, and can be carried out as written, the Court must give effect to the contractual language without resort to rules of construction or extrinsic evidence to determine the contract's meaning.[12] Whether an ambiguity exists in a written instrument is a question of law for the Court.[13]

---

[10] *Pepsi–Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citations omitted).

[11] *Rupe v. Triton Oil & Gas Corp.*, 806 F. Supp. 1495, 1500 (D. Kan. 1992).

[12] *Godfrey v. Chandley*, 811 P.2d 1248, 1250–51 (Kan. 1991).

[13] *Kennedy & Mitchell, Inc. v. Anadarko Prod. Co.*, 754 P.2d 803, 806 (Kan. 1988).

The Price Changes provision states:

PRICE CHANGES: In the event that Seller increases the price for a specific Product sold under this Agreement, such increase shall become effective fifteen (15) days after written notice is given to Buyer. If within fifteen (15) days of receiving such notice, the Buyer furnishes Seller with a copy of a bona fide firm written offer to sell such Product of the same quantities, of the same quality under similar circumstances at prices lower than such revised prices, Seller shall have fifteen (15) days within which to, at Seller's option, either meet the lower price or revert to the Seller's price in effect before the price increase. If the Seller does not exercise its option to so adjust the price, the Buyer may terminate this Agreement by giving the Seller thirty (30) days' written notice of such termination. If Seller does agree to meet such lower price, or revert to Seller's price in effect before the price increase, Seller shall have the right, at its option, to extend the term of this Agreement for the period of the initial contract term provided in this Agreement or term of competitive written offer. Buyer's rights regarding the terms of this Article shall not apply to any price increase arising as a result in whole or part, of compliance by Seller, or its suppliers with Federal, state, or municipal taxes, or government agency required audits or other regulations.[14]

The above provision is similar to a "market-out clause," which is commonly found in gas purchase contracts.[15] Market-out clauses allow the buyer to unilaterally reduce the price if market conditions dictate, leaving the seller with the option of accepting the reduction or canceling the contract. In *Kennedy & Mitchell*, the Kansas Supreme Court found the market-out clause unambiguous and gave the buyer the unilateral right to determine that price of gas was "uneconomical and unacceptable" and propose a lower price.[16]

Here, the provision at issue grants the seller, rather than the buyer, the right to change the price. Even though this provision grants Defendant the unilateral right to increase prices, "the rule of law in Kansas is that where parties have carried on negotiations, and have subsequently entered into an agreement in writing with respect to the subject matter covered by such

---

[14] Doc. 5-1 at 2.

[15] *Kennedy & Mitchell Inc.*, 754 P.2d at 806.

[16] *Id*. at 807.

negotiations, the written agreement constitutes the contract between them and determines their rights"[17]  A contracting party is bound by an agreement unless he pleads and offers evidence the contract was entered into through fraud, undue influence, or mutual mistake.[18]  While Plaintiff alleges that Defendant did not exhibit good faith and fair dealing, Plaintiff makes no allegation of fraud or undue influence by Defendant.  Thus, the Court finds the above provision valid.  Defendant may increase the price, but Plaintiff may counter with a bona fide firm written offer and may terminate the Agreement if Defendant does not exercise its option to adjust the price.  The Price Changes provision is supported by mutual obligation.

### B. Count II – Declaration that the Agreement is Terminable at Will

In Count II, Plaintiff seeks a declaration that the Agreement is terminable at will because Plaintiff never saw or had any knowledge of Page One, which contained the termination provision.  Plaintiff contends that because the parties' Agreement did not specify the term or duration of the Agreement, it is terminable at will pursuant to K.S.A. 84-2-309.  Defendant argues that Plaintiff cannot plead ignorance of Page One to invalidate the termination procedures outlined therein because Plaintiff had ample notice that the Agreement was incomplete.  Defendant contends the following facts put Plaintiff on notice that it had an incomplete copy of the Agreement: 1) Page Two starts with paragraph 11, had no title, and did not contain any defined terms; and 2) Paragraph 17 referenced extending the term of the Agreement for the initial contract term, yet there was no provision on Page Two that specifies the term of the Agreement.  And even if Plaintiff had no notice that the Agreement was incomplete, Defendant argues that ignorance of a contract's content is not a proper ground for avoiding its terms.

---

[17] *Id*.

[18] *Albers v. Nelson*, 809 P.2d 1194, 1197 (Kan. 1991).

Under Kansas law, a party to a contract has a duty to learn the contents of a written contract before signing it.[19] This duty includes a duty to secure a reading and explanation of the contract.[20] A party's negligent failure to do so estops the party from avoiding the terms of the contract on the grounds of ignorance of its contents.[21] "Courts applying the common law of other jurisdictions have . . . uniformly found that a signatory to a contract who is on notice that his copy of the contract is incomplete and signs it anyway is bound by the full contract."[22]

Here, Plaintiff is not arguing that it should be excused from compliance with a contract term because it did not read it. Rather, Plaintiff is contending that it was never presented with Page One in the first place. While the fact that Page Two starts with Paragraph 11 suggests that the Agreement before Plaintiff was incomplete, whether that is sufficient notice cannot be determined on a motion to dismiss.[23] The Rider contained the initial term of the Agreement, prices, and other terms which may account for the first eleven enumerated paragraphs. This Court accepts as true the factual allegations in Plaintiff's FAC and draws all reasonable inferences in favor of Plaintiff in resolving the motion to dismiss. Accordingly, the Court finds Plaintiff has alleged a plausible claim that the parties entered into an Agreement that did not contain a termination provision.

---

[19] *Rosenbaum v. Tex. Energies, Inc.*, 736 P.2d 888, 891 (Kan. 1987).

[20] *Id.* at 892.

[21] *Id.*

[22] *Uyeshiro v. Irongate Azrep BW LLC*, No. CV 13-00043, 2013 WL 12204348, at *6–7 (D. Haw. Sept. 13, 2013) (collecting cases).

[23] *See Dominici v. Between the Bridges Marina*, 375 F. Supp. 2d 62, 70 n.4 (D. Conn. 2005) (denying motion to dismiss plaintiff's complaint where plaintiff alleged that he did not receive notice of the clause at issue due to a missing page in the contract because further factual development was necessary to determine, inter alia, whether the physical characteristics of the contract reasonably communicated the existence of the clause, and the circumstances surrounding the signing of the contract permitted the plaintiff to become meaningfully informed of the contractual terms at stake); *Tangorre v. Mako's Inc.*, No. 01-4430, 2003 WL 470577, at *11 (S.D.N.Y. Jan. 6, 2003) (declining to hold that plaintiff is bound by provisions on a page of the contract plaintiff contends it was never presented with, because there exists a dispute of fact regarding whether plaintiff ever saw the page of the contract at issue).

**IV.     Conclusion**

After accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in Plaintiff's favor, Defendant's motion to dismiss is granted in part and denied in part. Because the Price Changes provision is supported by mutual obligation, the Agreement is not void. Count I is therefore dismissed. Count II survives dismissal because the notice issue requires further factual development.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is GRANTED IN PART AND DENIED IN PART. Count I is dismissed. Count II remains pending.

Dated: October 26, 2017

                                                                                   S/ Julie A. Robinson
                                                                                  JULIE A. ROBINSON
                                                                                  UNITED STATES DISTRICT JUDGE